UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMITA JOHNSON EL BEY,
f/k/a Damita Collette Johnson,

        Plaintiff,                CIV. NO. 13-12170

        v.                    HON. TERRENCE G. BERG

BANK OF AMERICA, N.A.,
THE BANK OF NEW YORK
MELLON, and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS (DKT. 5), AND DENYING PLAINTIFF'S
MOTIONS TO REMAND (DKT. 13), STRIKE (DKT. 18),
AND ENTER CERTAIN EXHIBITS INTO EVIDENCE (DKT. 21)**

This is a case challenging a foreclosure following a default on a
mortgage. The property subject to the mortgage was sold at a
foreclosure sale; the redemption period has expired.

Presently before the Court is Defendants' motion to dismiss (Dkt.
5), Plaintiff's motion to remand (Dkt. 13), Plaintiff's motion to strike
Defendants' reply brief (Dkt. 18), and Plaintiff's "motion to enter into

evidence the requisite exhibits for violations of presidential order 13107 and relevant treaties of the (ORS) Organization of American States" (Dkt. 21).  The Court has reviewed the parties' filings, and finds that oral argument will not significantly aid the decision making process. Thus, pursuant to E.D.Mich. LR 7.1(f)(2), no hearing will be held.

For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**, Plaintiff's motions are all **DENIED** and Plaintiff's case is hereby **DISMISSED WITH PREJUDICE**.

## I.  BACKGROUND

On May 2, 2008, Plaintiff (then known as Damita Collette Johnson) obtained a $79,068 loan (the "Loan") from United Wholesale Mortgage ("UWM") to refinance an earlier mortgage on property located at 18945 Fielding Street, Detroit, Michigan (the "Property").  Plaintiff signed a promissory note (the "Note"), and as security for the Loan, she granted a mortgage interest on the Property (the "Mortgage"), which was recorded with the Wayne County Register of Deeds on May 28,

2008 (Dkt. 5, Exhibits 3 and 4).[1]  UWM then sold the Loan to Countrywide Bank, FSB ("Countrywide"), endorsing the Note accordingly (Dkt. 5, Ex. 3). Countrywide, in turn, later endorsed the Note to BANA.  *See id.*

The Mortgage designates MERS as mortgagee "acting solely as a nominee for Lender and Lender's successors and assigns," granting MERS "and to the successors and assigns of MERS" the power of sale. (Dkt. 5, Ex. 4 at 1, 2).  Thus, MERS acted originally as nominee for UWM then, as the Loan changed hands, for Countrywide and later BANA.

---

[1] In ruling on a motion to dismiss, the Court may consider the complaint as well as: (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims; (2) matters of which a court may take judicial notice; and (3) documents that are a matter of public record.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).  Where the claims rely on the existence of a written agreement, and the plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings.  *QQC, Inc. v. Hewlett–Packard Co.*, 258 F.Supp.2d 718, 721 (E.D.Mich. 2003).  "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document."  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

Plaintiff defaulted on her obligations under the Loan, and BANA served statutory notice of foreclosure on October 1, 2010. (Dkt. 5, Ex. 5 at 9).  The same day, MERS executed an Assignment of Mortgage on October 1, 2010, assigning its interest in the Mortgage to BANA's predecessor-in-interest, BAC Home Loans Servicing, LP ("BAC").  The Assignment of Mortgage was recorded with the Wayne County Register of Deeds on October 15, 2010 (Dkt. 5, Ex. 6)

In an apparent attempt to avoid foreclosure, on November 3, 2010, Plaintiff recorded a notarized "Revised Grant Deed" with the Wayne County Register of Deeds (Dkt. 5, Ex. 7).  In this document, BAC purportedly granted the Property to Plaintiff and "Let Me Help U Irrevocable Trust."  Plaintiff signed the Revised Grant Deed herself, claiming to be "Authorized Agent/Trustee for BAC/HLS, LP."

BANA proceeded to foreclose on the Property.  On November 1, 2012, the Property was sold at a sheriff's sale, where BANA bought it for $103,599.09 (Dkt. 5, Ex. 5).  The Sheriff's Deed was recorded with the Wayne County Register of Deeds on November 16, 2012.  The last day for Plaintiff to redeem the property was on May 1, 2013.  Rather

4

than exercise her right of redemption, Plaintiff took other actions try to retain the Property.  On November 18, 2012, she sent BANA and BNYM a letter purporting to be a "qualified written request" under the Real Estate Settlement Practices Act ("RESPA") (Compl. Ex. F).  In it, she wrote "to complain about the accounting and servicing of my mortgage(s) and my need for understanding and clarification of various charges [and other matters] related to the servicing of my loan(s) from its origination to the present date" (Compl. Ex. F at 1.)

Plaintiff attaches to her Complaint documents dated that month declaring she was the victim of identity theft (Compl. Ex. I).  She also attaches various documents dated March 2013 that purport to change her name to "Damita Collette Johnson El Bey" and declare her to be "indigenous" and an "Aboriginal-American of Moorish Descent" (Compl. Ex. A at "A11").  She also declares:

> 2) Based on the fraudulent instrument [birth certificate] that was issued to me someone unlawfully and fraudulently issued my family a negotiable instrument through threat duress and coercion which was signed for and authorized a birth certificate to be issued to me under a fraudulent pretenses and a fraudulent artificial person/corporate citizen TRUST named (DAMITA COLLETTE JOHNSON).

5

3) For the record I state that I (Damita Collette Johnson El Bey) never authorized or negotiated in any manner for a bonded fraudulent birth certificate to be issued in the name of (DAMITA COLLETTE JOHNSON) or any other name. This activity was done by Fraud, conspiratorial activity and false endorsement, and lack of disclosure in contract.

(Compl. Ex. A at "A12")

On April 15, 2013, Plaintiff then filed this action in the Wayne County Circuit Court. Although the Complaint is largely nonsensical, it seeks to quiet title on the apparent basis that the Mortgage is invalid. Plaintiff also seeks to have this matter remanded to the Wayne County Circuit Court, due to alleged defects in Defendants' notice of removal (Dkt. 13).

## I. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the Court reviews the Complaint in the light most favorable to the plaintiff. *See Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the Complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167

6

L.Ed.2d 929 (2007). The Complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id*. at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

To the extent that a plaintiff alleges fraudulent conduct on the part of the defendant, such allegations also must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Id*. To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp*., 547 F.3d 564, 569–70 (6th Cir. 2008) (internal quotation marks and citation omitted). At a

7

minimum, the plaintiff must allege the time, place and contents of the misrepresentations upon which he or she relies. *Id.* (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)).

## II. ANALYSIS

### A. Plaintiff's Motion to Remand is Not Well Taken

The Court must first address Plaintiff's motion to remand (Dkt. 13). In this motion, Plaintiff declares herself to be a citizen of the "International Indigenous Society Cherokee Chocktaw Aboriginal Nation," (Dkt. 13 at 11) and that this fact somehow divests the Court of diversity jurisdiction over this matter. However, Plaintiff is a citizen of the State of Michigan insofar as she is domiciled in Wayne County, Michigan (Dkt. 1; Compl. at 3, ¶ 1). Defendant BANA is a citizen of the State of North Carolina, Defendant BNYM is a citizen of the State of New York, and Defendant MERS is a citizen of the States of Virginia and Delaware (Dkt. 1, Notice of Removal ¶¶ 8-10). Thus, there is complete diversity of citizenship between the parties.

Furthermore, Plaintiff brings this action seeking to disclaim and invalidate her $79,068 mortgage loan, as well as to set aside and

overturn the November 1, 2012 sale of the Property for $103,599.09,
(Compl.¶¶ 21-28, 38-42); thus, the amount in controversy requirement
is met. *See, e.g., Meriedeth v. Mae,* Case No. 11-11866, 2011 WL
2456630 (E.D. Mich. June 13, 2011) (where the amount a property sold
for at a sheriff's sale exceeded $75,000, and the amount of the mortgage
loan exceeded $75,000, an action requesting to overturn the sheriff's
sale sufficiently alleged an amount in controversy exceeding the
$75,000 jurisdictional amount of 28 U.S.C. § 1332(a)).  In short, the
Court finds no defect in Defendants' notice of removal, thus Plaintiff's
motion to remand is denied.

## B. Expiration of the Redemption Period

The Court turns now to Defendants' motion to dismiss (Dkt. 16).
Before directly addressing whether Plaintiff's Complaint states a claim
upon which relief can be granted as to the foreclosure proceedings, it is
undisputed that she failed to exercise her statutory right to redeem the
foreclosed property before the six-month statutory redemption period
expired.  This fact has significant consequences.

9

"[U]nder Michigan's foreclosure statute, 'all the right, title and interest which the mortgagor had at the time of the execution of the mortgage' vests in the entity that purchased the foreclosed property in the sheriff's sale after the expiration of the redemption period." *El–Seblani v. IndyMac Mortg. Servs.*, Case No. 12–1046, 2013 WL 69226, *3 (6th Cir. Jan. 7, 2013) (quoting Mich. Comp. Laws § 600.3236 and citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179 (1942)). "A strict reading of the statute suggests that once the redemption period expires, the homeowner has no legal interest in the property that litigation might vindicate." *Id.*

Michigan courts do, however, "allow 'an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided [the plaintiff] makes 'a clear showing of fraud, or irregularity' by the defendant." *Id.* (quoting *Schulthies v. Barron*, 16 Mich. App. 246 (1969)). "The misconduct must relate to the foreclosure procedure itself." *Id.* "Moreover, because the foreclosure statutes are intended to create finality and certainty in

10

property rights, an action challenging foreclosure must be brought 'promptly and without delay.'" *Id.* (quoting *Richard v. Schneiderman & Sherman, PC*, 294 Mich. App. 37 (2011), rev'd on other grounds, 490 Mich. 1001 (2012)). Thus, Plaintiff can bring an action to challenge the foreclosure proceedings after the expiration of the redemption period. The scope of relief, however, is circumscribed, as explained below.

## C. Setting Aside the Foreclosure

To the extent Plaintiff says that the foreclosure sale of the property should be declared void ab initio, the argument is not well-taken. In *Kim*, the Michigan Supreme Court held that under Michigan law a failure to comply with the requirements of Michigan's foreclosure by advertisement statute renders the foreclosure voidable, not void ab initio. *See Kim v. JPMorgan Chase Bank, N.A*., 493 Mich. 98, 115–16 (2012). Thus, under controlling Michigan law, the foreclosure sale cannot be declared void ab initio. *See Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (observing that federal courts must follow the decisions of the state's highest court when applying state law). So, the issue this Court must now address is whether, under

11

Michigan law, the foreclosure sale on the property is voidable, or could be set aside, on the facts alleged.

The Michigan Supreme Court's decision in *Kim* addresses this issue as well. "[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by [the] defendant's failure to comply with [Michigan's foreclosure by advertisement statute]." *Id*. "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id*. The concurring opinion by Justice Markman provides further guidance "concerning the nature of the 'prejudice' that plaintiffs must demonstrate in order to set aside the foreclosure"; and, in that regard, provides a nonexhaustive list of factors to be considered. *Id*. at 120–21. These include: (1) "whether plaintiffs were misled into believing that no sale had been had"; (2) "whether plaintiffs act[ed] promptly after [becoming] aware of the facts on which they based their complaint"; (3) "whether plaintiffs made an effort to redeem the property during the redemption period"; (4) "whether plaintiffs were represented by counsel throughout the

12

foreclosure process"; and (5) "whether defendant relied on the apparent validity of the sale by taking steps to protect its interest in the subject property." *Id.* (Markman, J. concurring) (internal quotation marks and citations omitted).

Applying *Kim*, Plaintiff cannot establish the prejudice required to set aside the foreclosure sale of the property. This is so because none of Plaintiff's claims relating to the mortgage and the foreclosure proceedings are viable, as explained below.

## D. Quiet Title

When a plaintiff seeks to quiet title to property, he or she has the burden of proof and must make out a prima facie case of title to the property. *See Beaulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550 (1999). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to establish superior right or title to the property. *Id.* Although the factual allegations in Plaintiff's Complaint are largely nonsensical, those allegations that are pled are simply inadequate.

13

Michigan law provides a mortgagor of residential property a period of six months from the date of the sheriff's sale to redeem the property. *See* MCL § 600.3240(8). As noted above, once the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. *Id*.; Mich. Comp. Laws § 600.3236. At that time, the mortgagor may undo the sale only by demonstrating fraud or irregularity in the foreclosure proceedings. *See Overton v. Mortg. Elec. Registration Systems*, Case No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *Ellison v. Wells Fargo Home Mortg., Inc.*, Case No. 09–14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010) (citing *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001) ("The type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself").

Here, the redemption period expired on May 1, 2013. Plaintiff has not alleged or pled any facts that indicate that she timely attempted to redeem the property. Because Plaintiff failed to redeem the property before the redemption period expired, Defendant BANA became vested

14

with "all right, title and interest" in the property by operation of law. At that point, Plaintiff – the former owner – can only assert limited challenges to the foreclosure. *See Overton v. Mortgage Electronic Registration Sys., Inc., supra; Kama v. Wells Fargo Bank, supra.*

Plaintiff fails to allege facts to support a finding of fraud or irregularity in the foreclosure proceedings.  Although Plaintiff contends that "defendants … will be attempting to defraud the courts" and that the foreclosure process involved "improperly executed or otherwise defective foreclosure documents and other mishandling," (Compl. at 4 ¶ 5), the Complaint appears to raise only three factual bases for these conclusions.

First, Plaintiff observes that the person who signed the Assignment of Mortgage (Ellen L. Coon) is not the same person who signed the BNYM mortgage assignment for a seemingly unrelated property owned by John and Enola Snead (Kenneth Kurel) (Compl. at 7 ¶ 24, Ex. E).  Plaintiff does not allege that Ms. Coon lacked authority to sign on Defendant MERS's behalf, nor does Plaintiff explain how this prejudiced her to the extent that the Court should set aside the sale. *See*

15

*e.g., Conlin v. MERS*, 714 F.3d 355, 362 (6th Cir. 2013) (upholding a sheriff's sale, notwithstanding the plaintiff's claims of a "robo-signed" mortgage assignment, as the plaintiff would have been in any better position to keep the property absent the defect).

Second, Plaintiff appears to contend that the foreclosure was invalid insofar as Defendant BANA did not respond to her request to produce the original note (Compl. at 8 ¶ 26).  She alleges that, because she was not provided the original note, "Plaintiff has no liability of said note." *Id*.  This is not a legally cognizable claim.  Michigan law does not require a party to present the original (or "wet ink") note or mortgage to foreclose.  *See Jozlin v. U.S. Bank, Nat'l Assn.*, Case No. 11–12749, 2012 WL 12760, at *2 (E.D. Mich. Jan. 4, 2012).

Plaintiff also asserts that the court can take judicial notice that the person who signed the Sheriff's Deed (Felicia Mack)[2] "is neither the sheriff, under-sheriff, nor the deputy" (Compl. at 10, ¶ 40).  First, this allegation is factually untrue; Ms. Mack is a Deputy Sheriff.  Second, even assuming that Deputy Mack was unauthorized to sign the Deed,

---

[2] Felicia Mack is a Deputy Sheriff in the Wayne County Sheriff's Office (Dkt. 5, Ex. 10).

16

Plaintiff fails to demonstrate how this prejudiced her insofar as she did not redeem the Property, and this alleged defect is not a sufficient showing of fraud or an irregularity to justify setting aside the Sheriff's Sale.  Because Plaintiff does not provide any factual basis for her conclusions that the foreclosure sale itself was improper, there is no basis for the Court to set it aside or to quiet title.

The rest of Plaintiff's "claims" appear to relate to her alleged status as an "Indigenous Plebiscite" (Compl. ¶ 1) and the purported legal significance of changing of her name from "Damita Collette Johnson" to "Damita Collette Johnson El Bey."  Even under a liberal reading of Plaintiff's Complaint[3], the Court cannot discern any legally

---

[3] Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  The basic pleading essentials are not abrogated in pro se cases. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted).  District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create" a pro se litigant's claim for her. *See Payne v. Sec'y of Treasury*, 73 F. App'x. 836, 837 (6th Cir. 2003).

17

cognizable claim from these allegations.[4]  Certainly, the Court cannot identify any claim sufficient to set aside the foreclosure sale.

In sum, even accepting Plaintiff's allegations as true, they are not sufficient to establish fraud or an irregularity in the foreclosure proceedings that would justify setting aside the foreclosure sale. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be grated, and it is dismissed.  Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, her motion to strike Defendants' reply brief (Dkt. 18) is denied as moot, and her motion to "enter into evidence the requisite exhibits for violations of presidential order 13107 and relevant treaties of the (ORS) Organization of American States" (Dkt. 21) is likewise denied.  As to the latter motion, it confusingly asserts that Defendants' attorneys are somehow violating Plaintiff's "human rights."  In any event, because Plaintiff has failed to state a claim, that motion is denied.

---

[4] These allegations contain overtones of a "sovereign citizen" argument. *Folson-El Bey v. Wells Fargo Home Mortg.*, Case No. 11–13534, 2012 WL 1453569, at *2 (E.D. Mich. Apr. 26, 2012) discusses a trend of litigation brought by "free sovereigns" – persons who through name changes and pseudo-legal documents consider and declare themselves to be free from obligations such as federal income taxes, state registration requirements, and private contracts.  The bulk of Plaintiff's allegations and arguments appear to fall into this category.  Courts have long found these "sovereign citizen" arguments to be frivolous.  *See, e.g., United States v. Mundt*, 29 F.3d 233 (6th Cir. 1994).

18

III.   CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Dkt. 5) is **GRANTED** and Plaintiff's motions (Dkts. 13, 18 & 21) are **DENIED**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
U.S. DISTRICT JUDGE

Dated:  February 7, 2014

**Certificate of Service**

I hereby certify that this Order was electronically submitted on February 7, 2014, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager

19